1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SALVADOR MURRIETA-                          CASE NO. 11cv753 WQH (PCL)
     ESCANUELA,
12                                               **ORDER**
                                  Plaintiff,
13          vs.
     CITY OF CALEXICO; CALEXICO
14   POLICE OFFICER PETER WEST;
     CALEXICO POLICE OFFICER ERIC
15   HACKETT; CALEXICO POLICE
     CHIEF JIM NEUJAHR; and DOES 1-20,
16   inclusive,

17                               Defendants.

18   HAYES, Judge:

19          On March 1, 2013, counsel for Plaintiff, Mary F. Prevost ("Prevost"), filed an Ex Parte

20   Motion to be Relieved as Counsel.  (ECF No. 13).  Prevost seeks to withdraw as counsel for

21   Plaintiff on the grounds that Plaintiff has failed to comply with the terms of his retainer

22   agreement, has made unreasonable demands upon Prevost, and has failed to communicate with

23   Prevost. *Id.* at 1-2.  As a result, Prevost states that she has "been unable to prosecute this case,

24   [and] unable to respond in a timely manner to defense counsel's discovery requests."  (ECF

25   No. 13-2 at 1).  Attached to Prevost's motion is a "Notice to Client," advising Petitioner to

26   "SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION IMMEDIATELY"

27   and inform the Court of any change in address or telephone number so that he can be reached

28   by the Court. *Id.*

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264 (N.D. Cal. December 1, 2004), *citing Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Among other things, courts ruling upon motions to withdraw as counsel have considered,

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Irwin*, 2004 U.S. Dist. LEXIS 28264 at 4.

In the Southern District of California, Local Civil Rule 83.4 requires counsel to "comply with the standards of professional conduct required of members of the State Bar of California ... which are now adopted as standards of professional conduct of this court." Local Civil Rule 83.4 also states that "[t]his specification will not be interpreted to be exhaustive of the standards of conduct," and references the model rules of the American Bar Association ("ABA").

California Rule of Professional Conduct 3-700 provides:

> Rule 3-700 Termination of Employment
> (A) In General.
> (1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.
>
> (2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules....
>
> (C) Permissive Withdrawal.
> [If the mandatory withdrawal provisions of 3-700(B) are inapplicable,] a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
>
> (1) The client
> ... (d) ... renders it unreasonably difficult for the member to carry out the employment effectively, or
> ... (f) breaches an agreement or obligation to the member as to expenses or

1  |  fees....

2  |  Rules Prof. Conduct, rule 3–700.

3  |  After reviewing the record and the reasons for withdrawal, the Court concludes that

4  |  there is good cause to grant the Ex Parte Motion to be Relieved as Counsel.

5  |  **CONCLUSION**

6  |  IT IS HEREBY ORDERED that the Ex Parte Motion to be Relieved as Counsel (ECF

7  |  No. 13) is GRANTED.  Within thirty (30) days of the date of this Order, Plaintiff shall notify

8  |  the Court as to whether he will proceed pro se or retain new counsel.

9  |  In light of counsel's withdrawal, the Court VACATES the current pretrial order and

10 |  pretrial conference dates of March 18, 2013 and March 25, 2013.

11

12 |  DATED:  March 11, 2013

13 |  **WILLIAM Q. HAYES**
   |  United States District Judge