1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  SALVADOR MURRIETA-            CASE NO. 11cv753-WQH-PCL
    ESCANUELA,
12                                **ORDER**
                          Plaintiff,
13        vs.
    CITY OF CALEXICO, CALEXICO
14  POLICE OFFICER PETER WEST,
    CALEXICO POLICE OFFICER ERIC
15  HACKET, CALEXICO POLICE
    CHIEF JIM NEUJAHR, and DOES 1
16  to 20, inclusive,

17                          Defendants.

18  HAYES, Judge:

19        The matter before the Court is the Motion to Dismiss filed by Defendant City of

20  Calexico ("Defendant").  (ECF No. 20).

21                          **BACKGROUND**

22        On April 11, 2011, Plaintiff initiated this action by filing a Complaint alleging

23  civil rights violations under 42 U.S.C. § 1983, state civil rights violations, and tort

24  claims.  (ECF No. 1).  Plaintiff alleges that "... on October 29, 2009 ... [Defendant]

25  maliciously, forcibly, and unlawfully assaulted, battered, tasered, seized and arrested

26  Plaintiff."  *Id.* ¶ 7.  On August 15, 2011, Defendant filed an Answer to the Complaint.

27  (ECF No. 4).

28        On March 1, 2013, Plaintiff's counsel, Mary F. Prevost, filed an Ex Parte Motion

to Withdraw as Attorney (ECF No. 13).  Prevost stated that Plaintiff caused her to become "unable to prosecute this case, [and] unable to respond in a timely manner to defense counsel's discovery request."  (Declaration of Mary F. Prevost, ECF No. 13-2 ¶ 3).  On March 11, 2013, the Court granted Prevost's Motion to Withdraw as Attorney. (ECF No. 15).

On April 25, 2013, Plaintiff filed a Notice Re Desire to Proceed to Trial Pro Se Until New Counsel is Found, and Motion for Extension of Time to Find New Counsel. (ECF No. 16).  On May 1, 2013, the Court granted Plaintiff's Motion for Extension of Time to Find New Counsel, and ordered Plaintiff to notify the Court as to whether he had retained counsel or would continue pro se no later than July 25, 2013.  (ECF No. 17).  The Court also ordered that the proposed pretrial order was to be filed by August 26, 2013, and the Pretrial Conference was to be held on September 27, 2013.  *Id*.

Plaintiff failed to respond to the Court's May 1, 2013 Order.  Plaintiff also failed to appear at the Pretrial Conference on September 27, 2013.

On October 15, 2013, Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b).  The docket reflects that Plaintiff filed no opposition.

## DISCUSSION

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also*

*Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

The docket reflects that Plaintiff was served with the Motion to Dismiss by mail at the only address he has listed on the docket – P.O. Box 4640, Calexico, California, 92232-4640. (*See* ECF No. 20-3). The Motion to Dismiss and the Court's docket reflect that a hearing on the Motion to Dismiss was noticed for November 18, 2013. Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. Local Rule 7.1(e)(2). The docket reflects that Plaintiff has failed to file an opposition to the Motion to Dismiss. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss filed by Defendants for failure to file an opposition. *Ghazali*, 46 F.3d at 53.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant (ECF No. 20) is GRANTED. The Complaint is DISMISSED without prejudice.

DATED: January 9, 2014

**WILLIAM Q. HAYES**
United States District Judge